JONATHAN L. HAWKINS, NO. 5966
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah 84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
E-mail: jhawkins@mmrm.com

*Attorney for Plaintiff Farm Bureau Property and Casualty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FARM BUREAU PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKE SACHI METEKINGI,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>Case No.: 2:23-cv-00106-HCN<br><br>Judge Howard C. Nielson |

Plaintiff Farm Bureau Property and Casualty Company, by and through its counsel of record, seeks declaratory relief pursuant to Title 28, Chapter 151, Section 2201 of the United States Code, the Federal Declaratory Judgment Act, and alleges as follows:

## PARTIES

1. Plaintiff Farm Bureau Property and Casualty Company ("Farm Bureau") is an Iowa corporation with its principal place of business in West Des Moines, Iowa.

2. Defendant Brooke Sachi Metekingi is an individual residing and domiciled in Eagle Mountain, Utah County, State of Utah.

## JURISDICTION

3. This Court has jurisdiction over the Parties and the subject matter of this litigation pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000 in controversy.

4. The insurance contract at issue was negotiated, obtained, and to be performed in Utah County, and the events giving rise to this declaration action occurred in Utah County, State of Utah.

5. The alleged acts giving rise to this suit all occurred within the District of Utah. For that reason, and because Defendant is domiciled in Utah, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS

6. On or about March 6, 2019, Ms. Metekingi was a passenger in a vehicle operated by Ms. Jennifer Stotts. They were traveling on 20 E University Parkway in Provo, Utah, when their vehicle was involved in an accident with a vehicle being driven by Mr. Kevin Mills ("Accident).

7. Ms. Metekingi claims she suffered various injuries and damages in connection with the Accident.

8. On February 17, 2021, Ms. Metekingi filed a personal injury action against Mr. Mills for injuries she sustained in the Accident ("Underlying Lawsuit"). *See* Complaint attached hereto as Exhibit "A". The Underlying Lawsuit was filed in the Fourth Circuit, Utah County, State of Utah. It was designated as a Tier III case and Ms. Metekingi was seeking $300,000 or more in damages. *Id*.

9. After fact and expert discovery were completed, the Underlying Lawsuit culminated in a 3-day jury trial and a Special Verdict was reached on October, 28, 2022. In that Special Verdict, the jury awarded Ms. Metekingi $96,502.00 in damages pursuant to her claim against Mr. Mills. A copy of the Special Verdict is attached hereto as Exhibit "B".

10. Shortly after the verdict was rendered in the amount of $96,502.00, Ms. Metekingi received Mr. Mills' insurance policy limits of $100,000 and the Underlying Lawsuit was dismissed with prejudice.

11. At the time of the accident, Ms. Stotts was insured by an insurance policy, Policy No. 8156102, issued by Farm Bureau ("Policy"). A copy of the Policy is attached hereto as Exhibit "C".

12. Among the coverages Ms. Stotts had under the Policy was Underinsured Motorist Coverage. The Underinsured Motorist Coverage under the Policy is set forth in the Auto Uninsured and Underinsured Motor Vehicle Module contained in the Policy which provides in pertinent part as follows:

> We cover damages for "bodily injury" an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle." The "bodily injury" must be sustained by an "insured," "caused by" an "occurrence" and "arise out of" the operation, maintenance or use of the "underinsured motor vehicle."

Exhibit "C" at p. 35.

13. Thus, pursuant to the terms of the Policy, Underinsured Motorist Coverage extends only to damages Ms. Metekingi was "legally entitled to recover from [Mr. Mills]."

14. Given that Ms. Metekingi's legally recoverable damages from Mr. Mills for bodily injury incurred as a result of the Accident were $96,502, less than the $100,000 insurance policy of the other operator, Mr. Mills, there are no additional damages which Ms. Metekingi is entitled to legally recover from Mr. Mills beyond the amount of his insurance coverage.

15. Therefore, there is no underinsured loss and the Underinsured Motorist Coverage of the Policy was not triggered.

16. Plaintiff is estopped and precluded from claiming Underinsured Motorist Coverage under the Policy.

## **PRAYER FOR RELIEF**

Wherefore, Farm Bureau prays for judgment against Defendant, and an adjudication and declaration from this Court:

1. Farm Bureau is not obligated under the terms of the Policy to pay any claims, damages, or losses based on the Underinsured Motorist Coverage related to the Accident or the claim asserted by Ms. Meteking.

2. That Plaintiff's legally recoverable damages against Mr. Mills were the $96,502.00 awarded by the jury in the Underlying Lawsuit as memorialized in the Special Verdict and they did not exceed Mr. Mills' insurance coverage; therefore, Mr. Mills was not underinsured and the Underinsured Motorist Coverage was neither triggered nor applicable.

3. There is no Underinsured Motorist Coverage Benefits owed to Ms. Metekingi under the Policy.

4. For such other further relief as the Court deems necessary and just.

DATED this 10th day of February, 2023.

           MORGAN, MINNOCK, RICE & MINER, L.C.

           */s/ Jonathan L. Hawkins*
           Jonathan L. Hawkins
           *Attorney for Plaintiff Farm Bureau Property and Casualty Insurance Company*